IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| TERRY CLIPPER, | ) |
| | ) |
|     Petitioner, | ) |
| | )    CIVIL ACTION NO. 1:15-13684 |
| v. | ) |
| | ) |
| WARDEN, FCI McDowell, | ) |
| | ) |
|     Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 5, 2015, Petitioner, acting *pro se*, filed his Motion to Proceed Without Prepayment of Fees and an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document Nos. 1 - 3.) In his Petition, Petitioner complains that his due process rights were violated during disciplinary proceedings causing a loss of a liberty interest in his good time credit. (Document Nos. 2 and 3.) First, Petitioner states that his rights were violated because he was subjected to double jeopardy. (Id.) Petitioner explains that on June 14, 2002, he pled guilty in the United States District Court for the Middle District of Pennsylvania to Possession of Contraband by an Inmate in violation of 18 U.S.C. § 1791(a)(2), 1791(d)(1)(C) and 2. (Id.) Petitioner states that on October 29, 2002, the District Court sentenced him to a 24-month term of imprisonment to run consecutively with his current term of imprisonment. (Id.) Petitioner complains that on November 12, 2002, an Incident Report was issued charging Petitioner with a violation of Code 113, Possession of Narcotics. (Id.) Petitioner

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

states that the Disciplinary Hearing Officer "found Petitioner guilty of violating Code 113" and imposed sanctions. (Id.) Petitioner, therefore, argues that prison disciplinary action violated the Double Jeopardy Clause because it was based upon the same conduct that he was criminal prosecuted for in the Middle District of Pennsylvania. (Id.) Finally, Petitioner argues that his "due process rights were also violated in the denial of witnesses, the denial of the opportunity to present documentary evidence, the denial of access to exculpatory evidence, the denial of a proper investigation, and denial of an adequate notice of the sanctions lodged against him." (Id.) As relief, Petitioner requests that "the Incident Report at issue be expunged and that the 175 days of forfeited good conduct time be restored. (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of the "Judgment in a Criminal Case" as filed in the Middle District of Pennsylvania on October 29, 2002, in Criminal Action No. 3:02-00148 (Document No. 3, pp. 11 - 12.); (2) A copy of the DHO Report dated December 2, 2002 (Id., pp. 13 – 15.); (3) A copy of a "Rejection Notice" dated May 1, 2015, from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office (Id., p. 16.); and (4) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated April 20, 2015 (Id., p. 17.).

By Order entered on October 7, 2015, United States Magistrate Judge R. Clarke VanDervort denied Petitioner's Motion to Proceed Without Prepayment of Fees after determining that Petitioner had ample funds to pay the requisite $5.00 filing fee. (Document No. 5.) Petitioner paid the $5.00 filing fee on October 19, 2015. (Document No. 6.) By Order entered on October 20, 2015, Judge VanDervort ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of

Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 7.) On November 4, 2015, Respondent filed his Response to the Order to Show Cause. (Document No. 10.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's double jeopardy argument fails as a matter of law" (Id., pp. 6 – 7.); (2) "Petitioner received the rights afforded pursuant to *Wolff*" (Id., pp. 7 - 9.); and (3) "The DHO's findings are sufficient to support the charge" (Id., pp. 9 - 10.).

As Exhibits, Respondent attaches the following: (1) The Declaration of Sarah Lilly (Document No. 10-1, p. 1.); (2) A copy of Petitioner's "Sentence Monitoring Computation Data As of 10-29-2015" (Id., pp. 3 – 6.); (3) A copy of the "Incident Report" dated November 12, 2002, indicating that Petitioner violated Offense Code 113 (Id., pp. 8 - 9.); (4) A copy of the "Notice of Discipline Hearing Before the DHO" dated November 14, 2002 (Id., p. 11.); (5) A copy of the "Inmate Rights at Discipline Hearing Form" dated November 14, 2002 (Id., p. 13.); and (6) A copy of the Discipline Hearing Officer Report dated December 2, 2002 (Id., pp. 15 - 17.).

By Order and Notice entered on November 5, 2015, Judge VanDervort advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 11.) On November 30, 2015, Petitioner filed his Reply to Respondent's Response. (Document No. 12.) Petitioner argues that "[t]he Government's Response is wholly inadequate because it utterly misconstrued the primary claim that the BOP violated Petitioner's due process rights by sanctioning him for an offense that he had already been convicted and sentenced to a consecutive term by the United States District Court, which in essence increased the federal courts sentence for this offense." (Id.) Petitioner states that Respondent has improperly construed his claim as a double jeopardy

violation. (Id.) Petitioner explains that he "clearly advances the argument that the BOP violated his due process rights when it sanctioned him for an offense that the federal court had already convicted and sentenced him for." (Id.) Petitioner further complains that he would not have pled guilty in the Middle District of Pennsylvania if he had foreseen the imposition of disciplinary sanctions by the BOP.[2] (Id.)

By Order entered on January 6, 2016, the above case was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 13.)

## DISCUSSION

**1.   Due Process Violation Pursuant to Wolff:**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. See U.S. Const. Amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to

---

[2]   Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. *In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). In the instant case, Petitioner does not assert that Section 2255 is ineffective or inadequate.

prison does not strip a prisoner of *all* liberty interests." Gaston v. Taylor, 946 F.2d at 343 (emphasis added).

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, in order to establish that a deprivation of his due process rights has occurred, Petitioner must identify a liberty interest which is protected by the Due Process Clause of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)(holding that an inmate cannot be deprived of a protected liberty interest in good-time credits without procedural due process).

When a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is implicated, and minimal procedural guarantees are recognized. Ponte v. Real, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195,

5

85 L.Ed.2d 553 (1985). The Supreme Court stated what procedure is required at a minimum in Wolff, supra. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

      Having thoroughly examined the record in this case, the undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings. It is clearly evident that in charging and considering Petitioner's violation of Offense Code 113, prison officials adequately adhered to the policies and procedures as prescribed in 28 C.F.R. § 541 and the Bureau of Prisons' Program Statement 5270.07. A review of the record reveals that Petitioner received all of the minimum due process safeguards set forth in Wolff. Petitioner received all documents

pertinent to the charges against him, was advised of his rights, and had ample opportunity to present a defense to those charges. The undersigned notes that Petitioner received written notice of the charges on November 12, 2002,[3] and was provided a "Notice of Discipline Hearing Before the DHO" on November 14, 2002. (Document No. 10-1, pp. 8 - 11.) On the "Notice of Discipline Hearing Before the DHO," Petitioner indicated that he did not wish to have a staff representative or wish to call witnesses. (Id., p. 11.) The DHO hearing was held on November 19, 2002. (Id., pp. 15 - 17.) Again, it was indicated that Petitioner did not wish to call any witnesses. (Id., p. 15.) Although Petitioner argues that he was denied the opportunity to present documentary evidence and "access to exculpatory evidence," the record does not support his claim. (Id.) The DHO noted the following regarding Petitioner's statement during the hearing:

> The inmate was advised of his rights at the DHO Hearing and stated he was ready to proceed. The inmate had a written statement he presented to the DHO. After being read the incident report by the DHO, the inmate stated "No Statement." After being asked why he was in an outside hospital during the incident, he stated a few balloons popped inside him and he almost died. The inmate made no complaints about procedural errors.

(Id.) The DHO found that Petitioner violated Offense Codes 113. (Id. p. 16.) The DHO imposed the following sanctions: (1) 60 days Disciplinary Segregation; (2) Disallowance of 40 days Good Conduct Time; (3) Forfeiture of 50% of Non-Vested Good Conduct Time; and (4) Loss of Visitation Privileges for 365 days.[4] (Id.) Petitioner was provided a copy of the final DHO report

---

[3] The Incident Report dated November 12, 2002, described the incident as follows (Document No. 10-1, p. 8.):

> On November 12, 2002, at approximately 11:30 a.m., S.I.S. Investigation #3431 concluded. The investigation revealed that inmate Terry Clipper, Reg. No. 20937-016, admitted he was in possession of (15) balloons, containing heroin, marijuana, and cocaine.

[4] The DHO stated the "Reason for Sanction or Action Taken" as follows (Document No. 10-1,

7

on January 3, 2002. Accordingly, Petitioner received adequate notice of the sanctions imposed against him. Based on the foregoing, the undersigned finds no violation of Petitioner's due process rights.

2. **Double Jeopardy:**

To the extent Petitioner is asserting a double jeopardy violation, the undersigned will address the issue. Specifically, Petitioner argues that he was improperly subjected to prison disciplinary action that was based upon the same conduct that he was criminal prosecuted for in the Middle District of Pennsylvania. Thus, Petitioner appears to contend that he was improperly subjected to double jeopardy.[5] The Fifth Amendment provides, in pertinent part, that "[n]o person shall . . . be subject for the same offense to be put twice in jeopardy of life or limb." The Fifth Amendment, however, applies only to criminal proceedings. Prison disciplinary proceedings are civil in nature and do not implicate the Fifth Amendment. United States v.

---

p. 17.):

> The action/behavior on the part of any inmate to use drugs threatens not only the health, safety and welfare of himself, but that of all other inmates and staff within the institution. In the past, inmates under the influence of drugs have become violent toward other inmates, as well as staff, and this type of behavior cannot, and will not be tolerated. The sanctions imposed by the DHO were taken to let you know that you, and you alone will be held responsible for your action/behavior at all times.
>
> The DHO is imposing sanctions of 60 days disciplinary segregation and forfeit 50% non-vested good conduct time as punishment for this act. The DHO also imposed sanctions of disallowance of 40 days good conduct time and loss of visiting privileges for 365 days in hopes it will prompt you to modify your behavior and deter you and others from committing a similar prohibited act in the future.

[5] In his Reply, Petitioner contends that he did not assert a double jeopardy violation. In his Petition, however, Petitioner argued that "[t]he DHO's use of the same evidence to charge and punishment me was double jeopardy." (Document No. 3, p. 5.)

Devaughn, 32 Fed.Appx. 60, 61 (4th Cir. 2002)("prison disciplinary sanctions do not preclude subsequent criminal prosecution for the same conduct under the Double Jeopardy Clause of the Fifth Amendment because Congress intended disciplinary proceedings to be civil in nature"), cert. denied, 537 U.S. 962, 123 S.Ct. 389, 154 L.Ed.2d 316 (2002); also see Anderson v. Padula, 2006 WL 1075003, * 4 (D.S.C. April 19, 2006)(finding that the Double Jeopardy Clause was not implicated when the petitioner was sanctioned twice for one prison disciplinary charge, first through an informal resolution and then through a disciplinary hearing regarding the same charged); Edwards v. Braxton, 2005 WL 1388746, * 4 (W.D.Va. June 10, 2005)("[T]he double jeopardy claim does not apply to disciplinary hearings."). Accordingly, the undersigned finds that Petitioner's claim that prison officials violated the Double Jeopardy Clause is without merit.

**3.     Insufficient Evidence:**

To the extent Petitioner contends that there was insufficient evidence to support the DHO's decision, the undersigned will address the issue. In disciplinary hearings, due process is satisfied when the findings of the disciplinary authority are supported by "some evidence." Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)("revocation of good time does not comport with 'the minimum requirements of procedural due process' . . . unless the findings of the prison disciplinary board are supported by some evidence in the record"). The undersigned finds that prison staff, the UDC and the DHO acted fully within their discretion in developing the evidence which resulted in the finding that Petitioner was guilty of violating Offense Code 113. The finding was supported by the evidence and the disallowance of 40 days of good conduct time and 50% of non-vested good conduct time was lawful and appropriate. In addition to the Incident

Report and Investigation, the DHO considered the following: (1) Petitioner's statement; (2) A written statement from S.I.S. Tech, C. Bergan; and (3) The SIS Investigative Report. (Id., p. 14 – 15.) In finding that Petitioner violated Code 113, the DHO specifically stated that it relied upon the following:

> The DHO finds that on April 17, 2002, at about 1:55 a.m., at Good Samaritan Hospital, Pottsville, PA, you did commit the prohibited act of Possession of Narcotics, code. 113.
>
> The specific evidence relied upon to support this finding was the written statement of the reporting staff member, C. Bergan, SIS Tech, who states on 11/12/02 an investigation revealed you admitted you were in possession of 15 balloons, containing heroin, marijuana, and cocaine. The DHO also relied upon the investigation which revealed the attending physician at the local hospital removed 15 balloons, 10 intact and 5 broken, from your digestive tract. The DHO coupled this with your statement at the DHO hearing that you were in the hospital because some balloons popped inside you. You also stated to the UDC you did have the balloons in you.
>
> Therefore, having considered all relevant evidence, the DHO finds that the greater weight of the evidence supports the finding that you committed the prohibited act of Possession of Narcotics, Code 113.

(Id., p. 16.) Based on the foregoing, the undersigned finds no violation of Petitioner's due process rights because there was "some evidence" to support the DHO's decision. As stated above, Petitioner was given written notice of the charges against him at least 24 hours before his hearing, Petitioner received a statement of the reasons for the unfavorable decision in the form of a written report, and Petitioner had the opportunity to call witnesses in his defense. Accordingly, the undersigned finds that the disciplinary hearing comported with the due process requirements.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document Nos. 2 - 3) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 25, 2016.

Omar J. Aboulhosn
United States Magistrate Judge